IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3041-FL

| | | |
|---|---|---|
| SOMSAK SAEKU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC H. HOLDER, JR.; UNITED STATES DEPARTMENT OF TREASURY, GEORGE E.B. HOLDING, GASTON B. WILLIAMS, STEPHEN A. WEST, and ANNE M. HAYES, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The matter is before the court upon plaintiff's August 15, 2013, motion to stay this action pending emergency surgery (DE 34) and motion for reconsideration (DE 23). Also before the court is defendants' motion to dismiss (DE 19). The issues raised are ripe for adjudication.

Plaintiff's motion to stay requests that the court enter an indefinite stay of the proceedings. District courts have the authority to issue stays. See Landis v. North American Co., 299 U.S. 248, 254 (1936). The court's discretion is not, however, without bounds. Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991). In deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (1997).

In this case, plaintiff states that a stay is necessary because he is "scheduled for a surgery, next week-to correct[] a chronic health illness-which is criticle [sic]." Pl.'s Mot. p. 1. Plaintiff, however, does not provide any details regarding the surgery or his medical condition beyond an

elusive reference to a six month recovery period. Additionally, as discussed below, plaintiff does not adequately explain his delinquency in responding to defendants' pending motion to dismiss. Based upon the foregoing, the court finds that plaintiff has not identified a pressing need for the stay, and DENIES plaintiff's motion.[1]

The court now turns to defendants' pending motion to dismiss filed on September 28, 2012. On July 29, 2013, the court allowed plaintiff until August 12, 2013 to respond to defendants' pending motion to dismiss due to the fact that plaintiff was confined in administrative segregation without access to his legal materials. Plaintiff, in his motion to stay, states that he was released from administrative segregation in May 2013, but does not explain his failure to respond to the pending motion since that date. Although the court finds that plaintiff has had more than adequate time to respond to defendants' motion to dismiss, the court ALLOWS plaintiff a final extension of time to respond to defendants' pending motion to dismiss.

Finally, the court addresses plaintiff's motion to reconsider the court's dismissal of his claim against Judge Terrence W. Boyle ("Judge Boyle"). Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] The court notes that to the extent plaintiff is unable to proceed with this action, he may request a voluntary dismissal of his action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

2

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Here, plaintiff alleges that he should be allowed to proceed with his claim against Judge Boyle because Judge Boyle did not have subject matter or personal jurisdiction over plaintiff in his civil forfeiture action, United States v. Ameritrade Investment Account, No. 5:08-CV-472-BO (E.D.N.C.), or his criminal action, United States v. Saeku, No. 5:07-CR-304-BO (E.D.N.C.). Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted). Although plaintiff alleges that Judge Boyle is not entitled to judicial immunity because Judge Boyle did not have subject matter or personal jurisdiction over him, plaintiff fails to plead sufficient facts to state a plausible claim against Judge Boyle. Ashcroft v. Iqbal, 556 U.S. 662,

667-668 (2009). Instead, plaintiff contests Judge Boyle's rulings in the aforementioned cases. This is insufficient to overcome judicial immunity. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (stating that the proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal). Thus, the court finds its original dismissal of Judge Boyle appropriate, and DENIES plaintiff's motion for reconsideration.

In summary, plaintiff's motion to stay (DE 34) and motion for reconsideration (DE 23) are DENIED. Plaintiff must respond to defendant's motion to dismiss by September 2, 2013.

SO ORDERED, this the 16th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge