IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3041-FL

SOMSAK SAEKU,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )                    ORDER
                                       )
ERIC  H.  HOLDER,  JR.,  UNITED        )
STATES   DEPARTMENT   OF               )
TREASURY, GEORGE E.B. HOLDING,         )
GASTON B. WILLIAMS, STEPHEN A.         )
WEST, and ANNE M. HAYES,               )
                                       )
            Defendants.                )
                                       )

The matter is before the court on plaintiff's motion for reconsideration of the court's June

15, 2016, order (DE 44), motion for relief from a final judgment pursuant to Federal Rule of Civil

Procedure 60(b) (DE 45), and motion for leave to file an amended complaint (DE 45).  Defendants

did not respond to plaintiff's motions.  In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

For ease of reference, the background as set forth in this court's September 11, 2013, order

is as follows:

> On May 21, 2007, the United States seized plaintiff's Ameritrade
> investment account (number xxx-xx9557) (the "Ameritrade
> investment account"), pursuant to a seizure warrant issued by United
> States Magistrate Judge James E. Gates. See United States v. Seizure
> Warrant, 5:07-mj-1322-JG-1 (E.D.N.C. June 15, 2007).  Plaintiff
> subsequently was charged in a three-count criminal indictment with
> violations of wire fraud and interstate transportation of stolen
> property. United States v. Saeku, No. 5:07-CR-304-BO-1 (E.D.N.C.
> Oct. 10, 2007).  In the indictment, the United States notified plaintiff

of its intent to seek forfeiture of certain property belonging to plaintiff, including the Ameritrade investment account, and if necessary, substitute property.  Id.

On September 11, 2008, following a jury trial, plaintiff was convicted on all counts in the criminal indictment.  United States v. Saeku, No. 5:07-CR-304-BO-1 (E.D.N.C. Sept. 11, 2008).  By special verdict, the jury found forfeitable certain real and personal property belonging to plaintiff, but determined the Ameritrade investment account was not directly forfeitable.  Id.  On November 12, 2008, the district court sentenced plaintiff to a term of one hundred eight (108) months imprisonment, and ordered plaintiff to pay forty-five thousand two hundred thirty dollars and two cents ($45,230.02) restitution.  Id. (E.D.N.C. Nov. 12, 2008).  The district court also incorporated the preliminary order of forfeiture, as found by the jury, into his sentence.  Id.  The Fourth Circuit Court of Appeals affirmed plaintiff's conviction.  United States v. Saeku, 436 F. App'x 154 (4th Cir. Apr. 28, 2011).

On April 2, 2009, the United States filed a motion for a preliminary order of forfeiture seeking to forfeit plaintiff's Ameritrade investment account as a substitute asset.  United States v. Saeku, No. 5:07-CR-304-BO-1 (E.D.N.C. Apr. 2, 2009).  The motion was served on plaintiff's counsel of record.  Id.  On April 14, 2009, the district court granted the United State's motion for the preliminary order of forfeiture as to plaintiff's Ameritrade investment account as a substitute asset.  Id. (E.D.N.C. Apr. 14, 2009).  After making the required published notification of the court's April 14, 2009, preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(p), the United States filed a motion for a final order of forfeiture as to, inter alia, plaintiff's Ameritrade investment account.  Id. (E.D.N.C. Sept. 21, 2009).  On October 1, 2009, the district court granted the United State's final order of forfeiture as to, inter alia, plaintiff's Ameritrade investment account.  Id. (E.D.N.C. Oct. 1, 2009).  Plaintiff did not appeal the district court's final order of forfeiture. On January 30, 2012, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in the United States District Court for the District of Columbia alleging that defendants unconstitutionally seized and deprived him of his Ameritrade investment account.  In particular, plaintiff alleges the following: (1) defendants unlawfully seized his Ameritrade investment account; (2) defendants failed to return the Ameritrade investment account after the jury determined that it was not directly forfeitable; and (3) defendants conspired to hold his property in

2

violation of his constitutional rights. The action was transferred to this court on the date it was filed.

On September 28, 2012, defendants filed a motion to dismiss, or in the alternative, for summary judgment. Then, on October 12, 2012, plaintiff filed his first motion for an extension of time to respond to defendants' motion to dismiss. In support of his motion, plaintiff explained that he had difficulty complying with the response deadline due to his prison work/ class schedule, as well as the law library's "erratic schedule" and limited materials. Plaintiff also stated that English was his second language. On October 16, 2012, the court allowed plaintiff an extension of time until November 22, 2012, to respond to defendants' motion.

Although plaintiff's first motion for an extension of time stated that he needed a one time only extension of time, plaintiff filed a second motion for an extension of time on December 3, 2012, citing delays due to a prison facility transfer and his inability to access his legal material. The court granted plaintiff's motion, and he was allowed until January 3, 2013, to respond to defendants' motion.

On January 3, 2013, plaintiff filed yet again another motion for an extension of time. Plaintiff stated that on December 3, 2013, he was scheduled for surgery to "treat and rectify a chronic health issue for safety precaution." (DE 29), p. 1. The procedure, however, was aborted and plaintiff was rescheduled for surgery for the second week of January 2013. Plaintiff stated that his physician advised that it would take one month to recuperate from the surgery. The court subsequently granted plaintiff's motion, and allowed him until March 28, 2013, to respond to defendants' motion to dismiss.

On March 8, 2013, plaintiff filed a motion to stay the action stating that he was placed in administrative segregation on the maximum security unit at Taft Correctional Institution ("Taft") and that he had restricted access to his legal materials or to a law library. Accordingly, plaintiff requested that the court stay the action until he was released from administrative segregation or to issue an order compelling prison officials to allow him access to courts. On July 29, 2013, the court issued an order denying plaintiff's motion on the grounds that plaintiff had been transferred from Taft to Dalby Correctional Institution, and was no longer subject to the alleged restraints at Taft. The court additionally allowed plaintiff fourteen (14) days to respond to defendants' motion to dismiss.

3

On August 15, 2013, plaintiff filed a second motion to stay the action because he was scheduled for emergency surgery the following week. On August 16, 2013, the court entered an order denying plaintiff's request for a stay stating that plaintiff did not provide any details regarding the surgery or his medical condition beyond an elusive reference to a six month recovery period. The court further noted that plaintiff did not adequately explain his delinquency in responding to defendants' pending motion to dismiss. Finally, the court allowed plaintiff a final extension of time, until September 2, 2013, to respond to defendants' motion. On September 5, 2013, rather than submit his response to defendants' motion to dismiss, plaintiff filed a motion for reconsideration or fourth motion for an extension of time to respond to defendants' motion to dismiss. Defendants did not respond to plaintiff's motion.

(See (DE 37), pp. 2-5).

On September 11, 2013, the court denied plaintiff's motion for reconsideration or for an extension of time. The court, additionally, granted defendants' motion to dismiss and dismissed the action without prejudice as Heck barred. Plaintiff subsequently filed a motion for leave to file an amended complaint, motion for service of summons, and a motion to appoint counsel. On June 15, 2016, the court denied plaintiff's motion to amend and motion appoint counsel. The court denied as moot plaintiff's motion for service of summons. On July 11, 2016, plaintiff filed the instant motion for reconsideration of the court's June 15, 2016, order. One month later, plaintiff filed the instant Rule 60(b) motion and motion to amend his complaint.

**DISCUSSION**

A.      Motion to Amend

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having

4

the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993);

Augusta Fiberglass Coatings. Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988)

(per curiam). If those three threshold conditions are met, the court then must determine whether the

movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit

Union Admin. Bd., 1 F.3d at 266. Rule 60(b)'s six enumerated grounds for relief include: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,

misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release,

or discharge of a judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious

claim or defense. Plaintiff's filings are not a model of clarity, and it is not entirely clear that plaintiff

even seeks relief pursuant to Rule 60(b). To the extent that plaintiff does seek relief pursuant to

Rule 60(b), he seeks to raise new claims for wrongful arrest, illegal search and seizure, and

conspiracy related to his criminal conviction and forfeiture proceedings. These claims are barred

pursuant to the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Court held that in order to recover damages for an allegedly unconstitutional conviction

or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction

or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into

question by a federal court's issuance of a writ of habeas corpus. Id. at 486–87; see also, Whitmore

v. Ard, No. 6:12–cv–01049, 2012 WL 5238919, at *2 (D.S.C. Oct. 23, 2012) (dismissing plaintiff's

challenge to alleged warrantless search as Heck barred), aff'd, 512 F. App'x 375 (4th Cir. 2013).

Plaintiff has not made the showing required by Heck. Alternatively, any claims arising out of the

5

investigation or trial related to plaintiff's September 11, 2008, conviction would be barred by the three-year statute of limitation.[1]  See N.C. Gen. Stat. § 1-52(5)(2005); see Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996).  Based upon the foregoing, plaintiff failed to state a meritorious claim.

Plaintiff, additionally, has not demonstrated that he has acted promptly in filing his Rule 60(b) motion nearly three years after the court's September 11, 2013, judgment.  Moreover, plaintiff's attempt to re-litigate issues already decided by the court is not appropriate.  See CNF Constructors. Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (per curiam); Saunders v. City of Petersburg Police Dept., 158 F. App'x 491, 491 (4th Cir. 2005) (per curiam) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court").  Thus, plaintiff has not met the threshold requirements to proceed with a Rule 60(b) motion, and his Rule 60(b) motion is DENIED.

B.      Motion to Amend

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days after service, or, if the pleading requires a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f).  See Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court.  See Fed. R. Civ. P. 15(a)(2).  A court should freely grant

---

[1] The court notes that plaintiff's complaint contains vague references to events related to a conspiracy which he alleges took place after his 2008 conviction.  In order to state a conspiracy claim, a plaintiff must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right."  Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element.  See, e.g., Simmons v. Poe, 47 F.3d 1370,  1377 (4th Cir. 1995); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Because plaintiff fails to plausibly allege a "meeting of the minds" between defendants, he fails to state a conspiracy claim.

6

leave to amend a complaint or answer unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962).

Where, as here, a plaintiff requests leave to amend his complaint after the court has entered judgment against him, the "motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Laber, 438 F.3d at 427. "There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id.; see Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle, 637 F.3d at 471.

In this case, plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a). The court now reviews plaintiff's proposed amended complaint for futility. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Id. The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304

n.5 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)); <u>see</u> <u>Ashcroft</u>

<u>v. Iqbal</u>, 556 U.S. 662, 678–79 (2009).  As set forth above, plaintiff's proposed claims would be

barred pursuant to <u>Heck</u> or the three-year statute of limitations.  Plaintiff's lengthy proposed

amended complaint additionally violates Federal Rule of Civil Procedure 8.  <u>See</u> Fed. R. Civ. P. 8.

Accordingly, plaintiff's motion to amend is DENIED as FUTILE.

C.      Motion for Reconsideration

Plaintiff seeks reconsideration of the court's June 15, 2016, order denying plaintiff's January

12, 2016, motion for leave to file an amended complaint, motion for service of the summons, and

motion to appoint counsel.  The court has reviewed its ruling on the matter and finds its initial

determination appropriate.  Thus, plaintiff's motion for reconsideration is DENIED.

**CONCLUSION**

For the foregoing reasons, the court orders as follows:

      (1)      Plaintiff's Rule 60(b) motion (DE 45) is DENIED;

      (2)      Plaintiff's motion to amend (DE 45) is DENIED;

      (3)      Plaintiff's motion for reconsideration (DE 44) is DENIED.

SO ORDERED, this the 6th day of February, 2017.

_____

LOUISE W. FLANAGAN

United States District Judge
